E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | 21-C-07842-S5 |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

### SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**Nick Schnyder Law Firm**
**Rebecca M. Rea, Esq.**
**351 Atlanta St. SE**
**Marietta GA 30060**
**Phone: 404-902-3553**

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated November 02, 2021.

D/Clerk of State Court
Gwinnett County, GA.

1

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,                    \*
                                                          \*
    Plaintiff,                             \*
                                                          \*     CIVIL ACTION FILE NO.
v.                                                        \*
                                                          \*          21-C-07842-S5
MICHAEL DAVID SMITH and           \*
ATLAS VAN LINES, INC.,                   \*
                                                          \*
    Defendants.                         \*

## **COMPLAINT FOR DAMAGES**

COMES NOW, BENJAMIN ALBIZZATTI (hereinafter, "Plaintiff"), Plaintiff in

the above-titled action, by and through their undersigned counsel, and files this **Complaint**

**for Damages** against MICHAEL DAVID SMITH and ATLAS VAN LINES, INC.

(hereinafter referred to as "Defendants").

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of

Georgia at all times relevant to this case.

2.

Defendant Michael David Smith is an individual and resident of Florida and can be

served at their residence located as follows:

        Michael David Smith
        1388 Laurel Hill Drive
        Clermont, FL 34711

3.

Defendant ATLAS VAN LINES, INC. (hereinafter, "Defendant Atlas") is a foreign

corporation existing under the laws of Indiana with its principal place of business in Indiana

and may be served through its registered agent, Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092 and is subject to the jurisdiction of this court.

4.

Defendant Atlas is a motor carrier.

5.

Defendant Atlas is engaged in interstate trucking commerce.

6.

Defendant ATLAS's United States Department of Transportation Carrier Number is 125550.

7.

At all times relevant Defendant ATLAS was licensed and insured in accordance with Federal Motor Carrier Safety Administration rules and regulations.

8.

Jurisdiction and venue are proper in this court due to Defendant Atlas' registered agent resides in Gwinnett County Georgia.

9.

This Court has jurisdiction over the subject matter of this action and removal to federal court is improper pursuant to 28 U.S.C. 1441(b).

**BACKGROUND**

10.

Plaintiff realleges and incorporates the above-stated paragraphs as fully set forth herein.

11.

On or about January 05, 2020, Plaintiff was travelling on Johnson Ferry Road in Cobb County, Georgia, in a safe and proper manner.

12.

At the time and occasion in question, Defendant Michael David Smith negligently struck Plaintiff's vehicle, causing a violent collision.

13.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

14.

Defendant Smith was driving a commercial truck in furtherance and on behalf of Defendant Atlas.

15.

Defendant Smith was an employee, servant, and/or agent acting within the course and scope of duty for Defendant ATLAS.

### COUNT 1
### NEGLIGENCE

16.

Plaintiff realleges and incorporates the above-stated paragraphs as fully set forth herein.

17.

Defendants owed a duty to Plaintiff to operate the vehicle in which Defendant Michael David Smith was operating in an ordinary and prudent manner.

3

18.

At the time and occasion in question, Defendant Smith breached their duty to Plaintiff by negligently too fast for conditions- O.C.G.A. § 40-6-180, failing to exercise due care - O.C.G.A § 40-6-241, failing to exercise ord. care - O.C.G.A § 51-1-2, failing to keep a proper lookout, failing to maintain control of their vehicle, following too closely - O.C.G.A § 40-6-49, and causing the subject collision.

19.

Defendant Atlas is responsible for Defendant Smith's negligent actions pursuant to O.C.G.A. § 51-2-2.

20.

Defendant Smith's negligent actions caused a violent collision which resulted in property damages and severe bodily injury to Plaintiff.

21.

As a consequence of Defendant Smith's negligent driving, Defendants breached their duty of ordinary care to the automobile-driving public, and to Plaintiff in particular.

22.

Plaintiff in no way contributed negligently to the incident in question.

23.

Plaintiff experienced severe pain and suffering as a direct and proximate result of the collision.

24.

Defendant Smith's negligence, which constituted the actual and proximate cause of Plaintiff's injuries, consisted of one or more of the following: too fast for conditions-

4

O.C.G.A. § 40-6-180, failing to exercise due care - O.C.G.A § 40-6-241, failing to exercise ord. care - O.C.G.A § 51-1-2, failing to keep a proper lookout, failing to maintain control of their vehicle, following too closely - O.C.G.A § 40-6-49, and in committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

25.

Defendant Atlas is liable for one or more of the following tortious acts and omissions, which include, but are not necessarily limited to, the following:

a)   Defendant Atlas is liable under the doctrine of respondeat superior for the torts of its employees, servants, and agents, including Defendant Smith, pursuant to O.C.G.A. § 51-2-2, as set forth below;

b)   Defendant Atlas was negligent in its own right under the doctrine of negligent entrustment, negligent hiring, training, controlling, and/or supervising of its drivers;

c)   Defendant Atlas had an affirmative duty to discover their driver's driving records, including any past traffic violations, habitual recklessness, susceptibility to negligent action, and any pertinent medical history of the driver;

d)   Defendant Atlas, in the exercise of reasonable care, should have known of any of their drivers' incompetence; and

e)   Defendant Atlas negligently failed to inspect and maintain their vehicle.

## COUNT II:
## IMPUTED LIABILITY

26.

Plaintiff realleges and incorporates the above-numbered paragraphs as fully set forth herein.

27.

At the time of the subject collision, Defendant Smith was under dispatch for Defendant Atlas.

28.

At the time of the subject collision, Defendant Smith was operating his vehicle on behalf of Defendant Atlas.

29.

Defendant Atlas is an intrastate or interstate motor carriers, and pursuant to federal and state laws, is responsible for the actions of Defendant Smith in regard to the collision described in this complaint under the doctrine of lease liability, respondeat superior, agency or apparent agency.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

31.

Defendant Atlas was negligent in hiring Defendant Smith and entrusting them to drive their vehicle on their behalf.

6

32.

Defendant Atlas was negligent in failing to train or to ensure the proper training of Defendant Smith.

33.

Defendant Atlas was negligent in failing to properly supervise Defendant Smith.

34.

Defendant Atlas's negligence in hiring Defendant Smith and entrusting them with driving a company vehicle without properly training and supervising Defendant Smith was the sole and proximate cause of the collision and Plaintiff's resulting injuries.

## COUNT IV
## NEGLIGENCE PER SE

35.

Plaintiff realleges and incorporates the above-numbered paragraphs as fully set forth herein.

36.

Defendant Smith's, and therefore Defendant Atlas's negligence in the operation of the vehicle in their possession violated the statutes set forth in paragraph 18 above, which constitutes negligence per se or negligence as a matter of law.

37.

Defendants violated the above-stated laws which are meant to protect innocent victims such as Plaintiff and to protect against unnecessary auto collisions such as the one in this action.

38.

As a direct and proximate result of Defendants' negligence per se, Plaintiff suffered

and/or will suffer from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, past medical expenses, and future medical expenses. Plaintiff is entitled to recover all damages allowed under Georgia law as a result of Defendants' negligence per se.

## DAMAGES

39.

As the direct and proximate result of Defendants' negligent conduct, Plaintiff received personal injuries and was required to undergo medical care from treatment providers resulting in Plaintiff's accrual of special damages which include medical expenses, a specific amount to be proven at trial. Plaintiff will supplement additional information as it becomes available, in accordance with *Bryant v. Haynie*, 216 Ga. App. 430 (1995).

Plaintiff's medical specials and other liquidated damages to date are as follows:

| | |
|---|---|
| Wellstar East Cobb | $    137.00 |
| Twin Lakes Physical Therapy | $ 1,340.00 |
| OrthoGeorgia | $    839.00 |
| Inspired Mobility Physical Therapy | $    200.00 |
| Comprehensive Spine & Pain | TBD |
| Team Rehab | TBD |
| Advanced Imaging Centers | $ 4,450.00 |
| Peachtree Orthopedic | $    535.00 |
| Lost wages/travel incidentals | $    363.95 |
| **TOTAL to date:** | **$ 7,864.95** |

40.

As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained physical pain and suffering as well as emotional distress, and Plaintiff will continue to suffer in the future.

**PUNITIVE DAMAGES**

41.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

42.

Defendant Smith and Defendant Atlas's actions of driving while tired, texting and driving, driving while distracted, and/or driving while affected by alcohol or drugs, were wanton of care and/or grossly negligent, such that Defendants' actions arose to a level as to justify the award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a) That Plaintiff's Complaint be filed, Summons issued, and service be effected in accordance with the law;

b) For entry of judgment in Plaintiff's favor and against Defendants, as determined by a fair and impartial jury for the following claims: past, present, and future medical expenses; past, present, and future pain and suffering; and any other damages recoverable at law;

c) Plaintiff be awarded general damages to fully compensate for past, present, and future pain and suffering in an amount to be determined by the fair and enlightened conscience of the jury;

d) Plaintiff be awarded special damages to fully compensate for past, present, and future medical expenses in an amount to be determined at or before trial;

e) Plaintiff be awarded all costs of bringing this action;

f) Process be issued requiring Defendants to answer according to law;

g) That punitive damages be awarded in an amount to be determined by the fair and enlightened conscience of the jury; and

h) Plaintiff be granted such further and other relief as this Court deems just and proper.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,             *
                            *
    Plaintiff,                   *
                            *   CIVIL ACTION FILE NO.
v.                               *
                            *        21-C-07842-S5
MICHAEL DAVID SMITH and          *
ATLAS VAN LINES, INC.,           *
                            *
    Defendants.                  *

### RULE 5.2 CERTIFICATE OF SERVICE

This certifies that Plaintiff provided service on each Defendant of **Plaintiff's First Requests for Admissions, Plaintiff's First Request for Interrogatories, Notice of Deposition, and Plaintiff's First Request for Production of Documents** hand attached to the Complaint.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | 21-C-07842-S5 |
| MICHAEL DAVID SMITH and | * | |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SMITH

**COME NOW,** Plaintiff in the above-styled action, by and through their undersigned attorney and pursuant to the Georgia Civil Practice Act, and serves upon MICHAEL DAVID SMITH, Defendant in this matter (hereinafter, "Defendant"), Plaintiff's First Interrogatories to Defendant. You are required to answer these interrogatories separately and fully in writing under oath and to send a copy of your answers to counsel for the Plaintiff, noted at the end of this document, within thirty-three (33) days after service (your receipt) of these interrogatories by mail or after forty-five (45) days after they are served to you, either personally or notoriously, by a process server.

### INSTRUCTIONS

These interrogatories are "continuing," which means you are required to provide supplemental answers if they become aware that your previous responses are incomplete. If you produce business records in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and provide the Plaintiff a reasonable opportunity to examine, audit, and inspect such records and to make copies, compilations, abstracts, or summaries of the documents.

1

In answering the following questions, please give full and complete answers based upon your personal knowledge, as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis. If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known. If any information is withheld under claim of privilege:

(i) State the basis upon which privilege is claimed;

(ii) Identify, as defined below, the source of the information;

(iii) Identify, as defined below, each person from whom the information was obtained;

(iv) Identify, as defined below, every document which evidences or relates to such information; and

(v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you", and "your" refers to Defendant, individually, as well as any attorneys, agents, or representatives of any kind acting on your behalf.

(B) As used herein, the word "document" means every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

2

(C) As used herein, the word "person" means any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" means the exact day, month, and year, if you know it or if you can find it from another source such as a document or another person; otherwise, the word "date" means your best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

    (1)    an individual means to state the person's full name, present or last known residence address (please designate if it is their present or last known address), and present or last known business affiliation (again, designating which), job title and employment address, and present or last known telephone numbers of the person and their place of employment.

    (2)    a firm, partnership, corporation, proprietorship, association, or other organization or entity, means to state its full name and present or last known (designating which) address(es) and telephone number(s).

    (3)    a document means to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e. a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If the document is in your possession, custody, or control, state whether you will make it available to Plaintiff's attorneys for inspection and/or copying. If any document you identify used to be in your possession, custody, or

3

control, but is no longer, please state what happened to the document, when, why, by whom, and if applicable, please identify the last known person having possession of it as well as the last known location of the document. Please additionally state if you can regain control the document or a clear, legible copy of it, and if so, a timeframe in which you believe you can do so.

(F) As used herein, the words "occurrence," "collision," or and "incident" are used interchangeably, and refer to the incident that gave rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, the phrase "Date of Incident" refers to the date of the incident that gave rise to this lawsuit as defined in (F) above.

(H) In these questions to you, the singular includes the plural; the plural includes the singular; and any use of gender pronouns includes any and all gender pronouns.

## **INTERROGATORIES**

1.

Please state the name, address (current, as well as on the date of the filing of the Complaint in this matter, if different from current), date of birth, telephone number, and Social Security Number (only for yourself, and you may provide this in a manner that is secure) for the following people:

(a) yourself;

(b) your spouse or partner, if any;

(c) any other person in the vehicle during the subject collision and their relationship to you;

(d) any person assisting you in responding to these questions; and

(e) any other person over the age of 18 who was living with you on the date of the collision.

4

2.

Please state if you were injured in the subject collision, and so, please state your injuries, list the names of your treatment providers and facilities, how long you treated for your injuries, and if you are still suffering from injuries related to the subject collision.

3.

Please state the name, address, and telephone number of each person who:

    (a) was an eyewitness to the collision;

    (b) arrived at the scene of the collision immediately or at any point prior to the scene being cleared;

    (c) has knowledge of facts or circumstances concerning the collision itself, as well as any alleged injuries you sustained, and/or any other alleged damages that you may claim;

    (d) you expect to call as an expert witness at trial; and for each expert witness state: the subject matter to which they are expected to testify; the substance of the facts and opinions to which they are expected to testify; and a summary for the grounds for each such opinion. If you choose an expert in the future related to this matter, please supplement your response to this question.

4.

State the name, address, and telephone number of anyone who investigated any aspect of the subject collision for you, and state whether their investigation was documented. Please include information regarding investigations related to any other claims or lawsuits filed against you by other individuals involved in the subject incident. If any person investigating this matter for you obtained any signed statements or recorded statements from anyone, identify the name and contact information for the person who gave the statement, a brief summary of the statement, when the

statement was taken, who arranged and/or took the statement, and the name and address of each person having possession, custody, or control of each statement. (Please see: <u>Atlantic Coast Line R. Co. v. Gause</u>, 116 Ga.App. 216, 156 S.E.2d 476 Ga.App. 1967. <u>Bryant v. State</u>, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007)).

5.

If you contend that the Plaintiff or any other party caused or contributed to causing the subject collision, identify those parties and state the reason(s) you make this contention. Please include in your answer where and from whom you obtained any information that led you to make this contention.

6.

Please state all insurance policies under which you were covered on the date of the collision giving rise to this lawsuit, including automobile insurance (whether you are the policy holder or otherwise), any homeowners insurance policy, any umbrella insurance policy, and/or any other similar insurance policies. Please note that this includes policies held by your employer, Defendant Atlas Van Lines, privately by you, as well as by those who lived with you on the date of incident. For any such policies, please provide the name of the insurance carrier, the policy number, the limits of coverage in such policy, and if you were not the policy holder, please state the name of the policy holder and provide their contact information.

7.

If you have ever been convicted of or pled guilty to any felony or misdemeanor (other than routine traffic violations), please state the nature of the offense, the date, and jurisdiction of the conviction. Included in this interrogatory, please state each time you have been convicted of DUI, DWI, or the equivalent violation in any state or territory.

8.

Please state whether you have ever been involved in any other legal actions/court cases of any kind or description, either as a Defendant, Plaintiff, or as a witness, including any other claims or lawsuits that have been filed or brought against you by other individuals involved in the subject collision. If so, please identify the lawsuit to the best of your ability by providing the case number, the names of other involved parties, the court and physical location where the case was filed, and the date when it was filed, and state the outcome of any such lawsuit (i.e. the amount of any verdict or settlement). Please also state if you have ever given sworn testimony of any kind, such as a deposition, discovery responses, court testimony, or a witness testimony or affidavit. If so, please state if you have any transcripts or other documentation regarding that prior sworn testimony.

9.

Identify each and every drawing, photograph, video recording, computer animation, or other such surveillance of the collision scene, the involved vehicles, or the persons involved in the collision, indicating the date made, the subject that was recorded, who drew, photographed, recorded, surveilled, or created the animation, and the person who current has possession of any such item listed above.

10.

Describe in your own words, in detail, what happened and how the collision occurred. Please begin by stating what you were doing 30 minutes prior to the collision, the details leading up to the time of the collision, the collision itself, and what you were doing until at least 30 minutes after the collision occurred. Please include a description of how the vehicles were positioned after they came to rest, whether the vehicles were moved prior to when police arrived, and a description of anything that happened at the scene of the subject collision prior to the police arriving.

7

11.

Did you receive any citation(s) related to the subject collision? If so, please provide what they were for, if they have been resolved, and how they resolved. If you attended court regarding the citation(s), please state the date of your court appearance. If the citations are unresolved, please so state, and please provide the date and time of any upcoming hearings or trials related to the citations.

12.

Please specify the place (at least city and state) and date of any and all other vehicle collisions in which you have been involved in the 10 years prior to this incident, and at any point after this incident through the date of your responses to these questions. Please describe the details about the collisions, as well as any injuries which you sustained in any other such collisions. Please provide the names of the drivers of the vehicles involved, whether you received any citations related to any such incident (and if so, for what?) and how these citations were resolved.

13.

Please state whether you own or regularly uses a cellular phone or other electronic communication device, and whether you had such a device or devices with you in the vehicle on the date of incident. Please also provide the following information that was in effect for each such device on the date of collision:

    a) the service provider providing service to the device on the date of incident;

    b) the account holder and the account number;

    c) the phone number associated with the device;

    d) whether you still have the device in your possession;

e) whether you used the device to take photos, video recordings, and/or audio recordings while at the scene of the subject collision and state whether you have provided such photos, video recordings, and/or audio recordings to your attorney;

f) where the device was located in your vehicle at the time of collision;

g) how you were using the device at the time of collision and/or the last time you used the device for any reason prior to the collision (please specify how you were using the device, including texting, phone calls, music or other audio, GPS, or other "apps"); and

h) the next time you used the device following the collision.

14.

Please state the following:

a) all the places you went in the 8 hours prior to the collision;

b) all the places you went in the 8 hours after the collision;

c) where you were going at the time of the subject incident and why you were going to that location;

d) whether there was a particular time you were supposed to be at the location where you were headed at the time of the subject collision.

15.

If you contend that the Plaintiff has brought this action against the wrong person or persons, or if you contend that another party was wholly or partially responsible for the damages sustained by the Plaintiff, please state the complete name, address, and insurance information of who you believe should be the correct Defendant(s) in this action and your reason for such belief.

16.

Please state anything that has happened within the past 5 years related to your legal ability to operate a motor vehicle, such as traffic citations, suspension or revocation of your license, and/or the loss or gain of any licensing levels or restrictions (such as attaining or losing a Class B license; driving restrictions related to health matters such as vision, hearing, or any other condition that affects your ability to drive; etc.). For any such citations, please identify why you received the citation, when and where you received it, whether or not it has been resolved, and how it was resolved (such as by reduction of points, payment of fine, a trial, etc.) If your license has been suspended or revoked, please provide the details of when and why this happened, who ordered the suspension or revocation, if such suspension or revocation was in effect on the date of the subject incident, and the date that your license was reinstated.

17.

Please state a) when you received your Class A drivers license; b) if you have a current or previous commercial drivers license in any other state besides Florida; c) where and when you were trained to operate a large commercial vehicle such as the tractor trailer you were driving on the date of incident; d) the last continuing education or other such training you received regarding the operation and/or maintenance of a tractor trailer prior to the date of incident, as well as any training you have had since the date of incident (please state the location of such training, the person or persons teaching the class or leading the training, and a description of what the training entailed); and e) please describe any training, employee handbooks, or other such material that was provided to you by Defendant Atlas Van Lines.

18.

Please identify and/or describe any kind of documentation you were required to provide to Defendant Atlas Van Lines, at your time of hiring or otherwise, regarding your commercial driver's license, your training to operate tractor trailers and other commercial vehicles, and state if you were required to undergo a background check of any kind.

19.

Please list all companies or other businesses, including businesses you owned (if any) who you have worked for as an operator of a commercial vehicle, tractor trailer, or other type of large, heavy vehicle or machinery. For each such business or company, please include a) the approximate dates of your employment; b) the names of any supervisors you had; c) whether you were involved with any kind of wreck, collision, accident, or other negative situation involving your operation and/or maintenance of a commercial vehicle, tractor trailer, or other such large vehicle; and d) if you were terminated from the position due to any of the incidents you listed in response to c) or any other safety violations or concerns, please state your reason for termination.

20.

Provide each and every document, tangible object, or other item of real, demonstrative, or documentary evidence which contains, or may contain, material or information which is, or may be, relevant to any of the issues involved in this action, and identify the person who presently has possession, custody, or control of each item listed.

21.

Please identify each document which you withheld from production in response to Plaintiff's First Request for Production of Documents, under any claim of privilege or qualified immunity, and include in your response the basis on which each document was withheld.

11

22.

Please state any and all medication, illegal drugs, and/or alcohol that you consumed or took within ten (10) days prior to and including the date of incident. Please state approximately how long you have been prescribed any prescription medication you consumed during that time and what time of day you take this medication.

23.

Please state all damage resulting from the collision that was sustained by the vehicle that you were operating; if known to you, provide the cost of the repairs to that vehicle; state if you were responsible for any of the cost of these repairs; and whether you or Defendant Atlas had the vehicle repaired (if not, please state why), the entity that performed the repairs, if any, and provide all documentation related to the damages, estimates related thereto, and to the repairs performed. Please also state any mechanical issues the tractor trailer you were operating at the time of incident had in the 6 months prior to the subject collision, if and where these issues were repaired, and if the vehicle had any mechanical issues on the date of this collision.

24.

Please state word-for-word, as if providing a transcript (to the best of your ability), any conversation between (a) you and the Plaintiff, whether at the scene of the subject collision or otherwise; (b) you and the responding police officer(s), whether at the scene of the subject collision or at any point thereafter; (c) you and any witnesses at the scene or at any time afterwards; and (d) you and any medical or fire & rescue that were present at the scene of the subject collision.

25.

Please state word for word, as if providing a transcript (to the best of your ability), any conversation you overheard which was relevant to the subject collision, whether you were a participant or not. Please include the names and/or descriptions of the parties involved in the conversation.

26.

As a result of the subject collision, were you disciplined in any way by Defendant Atlas Van Lines? If so, please detail what steps were taken against you, by whom, and whether you are still employed by Defendant Atlas Van Lines. Please provide a termination date of firing or resignation.

27.

Please state in your own words what happened at the date and time of the subject collision. Please state what caused your vehicle to strike multiple vehicles on the date of incident, including all contributing factors.

28.

Please describe any and all procedures, policies, rules, etc. of Defendant Atlas Van Lines regarding what an employee should do if they are involved in any kind of motor vehicle collision while working, and describe if you followed these rules, policies, and/or procedures on the date of incident.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

13

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,                       *
                                           *
    Plaintiff,                         *
                                           *       CIVIL ACTION FILE NO.
v.                                         *
                                           *
MICHAEL DAVID SMITH and                    *
ATLAS VAN LINES, INC.,                     *
                                           *
    Defendants.                        *

## CERTIFICATE OF SERVICE

    This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Interrogatories** hand attached as part of service of the Complaint in the above-named matter.

    Respectfully submitted November 2, 2021.

                    NICK SCHNYDER LAW FIRM, LLC

                    *Rebecca Rea*

                    By:_____
                    REBECCA M. REA, Esq.
                    Georgia Bar No. 799566
                    Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

14

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,

    Plaintiff,

v.

MICHAEL DAVID SMITH and
ATLAS VAN LINES, INC.,

    Defendants.

CIVIL ACTION FILE NO.

21-C-07842-S5

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ATLAS VAN LINES, INC.

**COME NOW,** Plaintiff in the above-styled action, by and through their undersigned attorney and pursuant to the Georgia Civil Practice Act, and serves upon Atlas Van Lines, Inc., Defendant in this matter (hereinafter, "Defendant" or "Defendant Atlas Van Lines"), Plaintiff's First Interrogatories to Defendant. You are required to answer these interrogatories separately and fully in writing under oath and to send a copy of your answers to counsel for the Plaintiff, noted at the end of this document, within thirty-three (33) days after service (your receipt) of these interrogatories by mail or after forty-five (45) days after they are served to you, either personally or notoriously, by a process server.

### INSTRUCTIONS

These interrogatories are "continuing," which means you are required to provide supplemental answers if they become aware that your previous responses are incomplete. If you produce business records in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and provide the Plaintiff a reasonable opportunity to examine, audit, and inspect such records and to make copies, compilations, abstracts, or summaries of the documents.

1

In answering the following questions, please give full and complete answers based upon your personal knowledge, as well as that of any agent, employee, investigator, or attorney who has obtained information on your behalf.

If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis. If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known. If any information is withheld under claim of privilege:

(i) State the basis upon which privilege is claimed;

(ii) Identify, as defined below, the source of the information;

(iii) Identify, as defined below, each person from whom the information was obtained;

(iv) Identify, as defined below, every document which evidences or relates to such information; and

(v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant," "you", and "your" refers to Defendant, individually, as well as any attorneys, agents, or representatives of any kind acting on your behalf.

(B) As used herein, the word "document" means every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

2

(C) As used herein, the word "person" means any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" means the exact day, month, and year, if you know it or if you can find it from another source such as a document or another person; otherwise, the word "date" means your best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

    (1)    an individual means to state the person's full name, present or last known residence address (please designate if it is their present or last known address), and present or last known business affiliation (again, designating which), job title and employment address, and present or last known telephone numbers of the person and their place of employment.

    (2)    a firm, partnership, corporation, proprietorship, association, or other organization or entity, means to state its full name and present or last known (designating which) address(es) and telephone number(s).

    (3)    a document means to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e. a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If the document is in your possession, custody, or control, state whether you will make it available to Plaintiff's attorneys for inspection and/or copying. If any document you identify used to be in your possession, custody, or

control, but is no longer, please state what happened to the document, when, why, by whom, and if applicable, please identify the last known person having possession of it as well as the last known location of the document. Please additionally state if you can regain control the document or a clear, legible copy of it, and if so, a timeframe in which you believe you can do so.

(F) As used herein, the words "occurrence," "collision," or and "incident" are used interchangeably, and refer to the incident that gave rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, the phrase "Date of Incident" refers to the date of the incident that gave rise to this lawsuit as defined in (F) above.

(H) In these questions to you, the singular includes the plural; the plural includes the singular; and any use of gender pronouns includes any and all gender pronouns.

## **INTERROGATORIES**

1.

If you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, including, but not limited to, any alleged failure to comply with the provisions of any Georgia law, as to each such defense, state the following:

    (a) A detailed basis for each such defense and each and every fact upon which you rely in asserting such defense;

    (b) Provide a complete description of all documents reflecting such facts or which you contend support the assertion of any such defense;

    (c) Name, position and address of all persons with knowledge of such facts.

4

2.

Please state the name, address, and telephone number of each person who:

    (a) was an eyewitness to the collision;

    (b) arrived at the scene of the collision immediately or at any point prior to the scene being cleared;

    (c) has knowledge of facts or circumstances concerning the collision itself, as well as any alleged injuries you sustained, and/or any other alleged damages that you may claim;

    (d) you expect to call as an expert witness at trial; and for each expert witness state: the subject matter to which they are expected to testify; the substance of the facts and opinions to which they are expected to testify; and a summary for the grounds for each such opinion. If you choose an expert in the future related to this matter, please supplement your response to this question; or

    (e) has conducted any investigation relating to the subject collision, or the background, employment, medical history, or any other activities of any party involved in this lawsuit.

3.

Please state whether any investigation performed by any person listed in response to Interrogatory 2(e) was documented. Please include information regarding investigations related to any other claims or lawsuits filed against you by other individuals involved in the subject incident. If any person investigating this matter for you obtained any signed statements or recorded statements from anyone, identify the name and contact information for the person who gave the statement, a brief summary of the statement, when the statement was taken, who arranged and/or took the statement, and the name and address of each person having possession, custody, or control of each

5

statement.  (Please see: <u>Atlantic Coast Line R. Co. v. Gause</u>, 116 Ga.App. 216, 156 S.E.2d 476 Ga.App. 1967.  <u>Bryant v. State</u>, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007)).

4.

Please state all insurance policies maintained by you relating to your employees and/or agents, your fleet of vehicles, and specifically, which were in effect and covered Defendant Smith and the tractor trailer he was operating on the Date of Incident. Please provide information regarding the limits of each such policy.

5.

Please state if any insurer referred to in response to Interrogatory 4 has ever denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

6.

Please state whether you have ever been involved in any other legal actions/court cases of any kind or description, either as a Defendant, Plaintiff, or as a third party, including any other claims or lawsuits that have been filed or brought against you by other individuals involved in the subject collision. If so, please identify the lawsuit to the best of your ability by providing the case number, the names of other involved parties, the court and physical location where the case was filed, and the date when it was filed, and state the outcome of any such lawsuit (i.e. the amount of any verdict or settlement). Please also state if any agent, employee, representative, or other person acting on behalf of Defendant Atlas Van Lines has ever given sworn testimony of any kind, such as a deposition, discovery responses, court testimony, or a witness testimony or affidavit. If so, please state if you have any transcripts or other documentation regarding that prior sworn testimony.

6

7.

Please state if Defendant Smith filed a worker's compensation claim related to the subject incident. If so, please provide if and when the claim was resolved and what the outcome was of that claim.

8.

Identify each and every drawing, photograph, video recording, computer animation, or other such surveillance of the collision scene, the involved vehicles, or the persons involved in the collision, indicating the date made, the subject that was recorded, who drew, photographed, recorded, surveilled, or created the animation, and the person who current has possession of any such item listed above.

9.

Please state the nature of the employment or business relationship between Defendant Smith and Defendant Atlas Van Lines on the Date of Incident.

10.

Please provide information regarding the specific vehicle that Defendant Smith was operating on the Date of Incident, including how long Defendant Atlas Van Lines has owned the vehicle; who is responsible for maintenance of the vehicle; when it was last serviced; if the vehicle had any history of mechanical issues, please provide details regarding when, what type of issue, and how it was resolved; if the vehicle had ever been subject to any type of recall and whether the recall issue was resolved; and whether the vehicle was operated solely by Defendant Smith or if it was regularly driven by other people.

7

11.

Please state the damages sustained by the vehicle driven by Defendant Smith during the subject collision. Please also state if the vehicle damage was evaluated, state the price of the repair or repair estimate, whether the vehicle was repaired, and by whom.

12.

Please specify the place (at least city and state) and date of any and all other vehicle collisions in which employees or agents of Defendant Atlas Van Lines have been involved in the 10 years prior to this incident, and at any point after this incident through the date of your responses to these questions. Please describe the details about the collisions, whether anyone involved suffered injuries, the names of the drivers of the vehicles involved, and whether any such drivers were punished or fired by you as a result of the collision.

13.

Please identify all documents, policies, and procedures setting forth company regulations and specifications of Defendant Atlas Van Lines regarding the following:

    a) operation and pre-operation checks and maintenance of tractor trailers such as the one that was being drive by Defendant Smith on the Date of Incident;

    b) requirements for employment of individuals to operate tractor trailers on behalf of Defendant Atlas Van Lines;

    c) requirements regarding training, continued education, and licensure of any employee hired by Defendant Atlas Van Lines to operate large vehicles;

    d) policies and procedures related to the occurrence of incidents such as the subject incident; and

e) the details of any requirements that employees report to Defendant Atlas Van Lines any medical conditions employees may have that could affect their ability to operate a commercial vehicle, and/or medications that employees may be taking.

14.

Please state Defendant Smith's origin of travel on the Date of Incident, his destination, the purpose of his trip, and the time he was supposed to arrive, if any such time was specified.

15.

Please state in detail the factual basis for each defense you have raised in your Answer to the Complaint.

16.

Please state any and all known citations or road violations Defendant Smith has received while employed with your company. State the charge, where the charge was issues, how it was resolved, and when Defendant Atlas Van Lines learned of the infraction.

17.

Please describe any disciplinary action taken against Defendant Smith during the course of his employment with Defendant Atlas Van Lines, including what necessitated the disciplinary action, the type of action taken, and the approximate date or timeframe for such disciplinary action.

18.

As of the Date of Incident, please identify and/or describe what kind of documentation you required from your employees at the time when you hired them regarding their commercial driver's license; their driving history; their experience and qualifications; their training to operate tractor trailers and other commercial vehicles; and state the type and extent of background check you

perform or require, if any. Please state which such documents you obtained from Defendant Smith when he was hired.

19.

Please state the name and contact information for any person who has acted as the supervisor for Defendant Smith during the course of his employment with Defendant Atlas Van Lines, and specify the name and contact information for his supervisor on the Date of Incident.

20.

Please state if drug or alcohol testing was performed on Defendant Smith following the subject collision. Please state the outcome of the test, where the test was performed, by whom, what the test did and did not cover, and the date and time of the test. If no such tests were performed, please state why they were not.

21.

Please identify all onboard monitoring devices on the subject vehicle on the date of incident including cameras, "black boxes," GPS, governors, etc. Please state if any information was recorded from the subject incident and what party is in possession of the information obtained.

22.

Please state when Defendant Atlas Van Lines was first made aware of the Subject Incident; who specifically was notified; and by what means.

[continued on the following page]

10

Respectfully submitted November 2, 2021.

**NICK SCHNYDER LAW FIRM, LLC**

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BENJAMIN ALBIZZATTI, | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION FILE NO. |
| v. | * |
| | * |
| MICHAEL DAVID SMITH and | * |
| ATLAS VAN LINES, INC., | * |
| | * |
| Defendants. | * |

### CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Interrogatories** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

12

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | 21-C-07842-S5 |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SMITH

COME NOW, Plaintiff in the above-styled action, by and through their undersigned attorney, pursuant to O.C.G.A. § 24-10-26 and § 9-11-34, and serves this Plaintiff's First Request for Production of Documents and Notice to Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to Defendant MICHAEL DAVID SMITH (hereinafter "Defendant"). Defendant is required to comply with said Code sections as follows:

## I.   INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall identified by providing the following information:

  (a)   date of creation;

  (b)   every person known to have seen such document or to have been told of the contents of such document;

  (c)   the subject matter of such document sufficient for identification; and

  (d)   the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in your possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it

1

was transmitted, and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth shall be carefully followed:

## II.     **DEFINITIONS**

(A) As used herein, "Defendant," "you", and "your" refers to Defendant, individually, as well as any attorneys, agents, or representatives of any kind acting on your behalf.

(B) As used herein, the word "document" means every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" means any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" means the exact day, month, and year, if you know it or if you can find it from another source such as a document or another person; otherwise, the word "date" means your best available approximation (including the relationship to other events).

2

(E) As used herein, the word "identify," when used in reference to:

    (1)    an individual means to state the person's full name, present or last known residence address (please designate if it is their present or last known address), and present or last known business affiliation (again, designating which), job title and employment address, and present or last known telephone numbers of the person and their place of employment.

    (2)    a firm, partnership, corporation, proprietorship, association, or other organization or entity, means to state its full name and present or last known (designating which) address(es) and telephone number(s).

    (3)    a document means to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e. a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If the document is in your possession, custody, or control, state whether you will make it available to Plaintiff's attorneys for inspection and/or copying. If any document you identify used to be in your possession, custody, or control, but is no longer, please state what happened to the document, when, why, by whom, and if applicable, please identify the last known person having possession of it as well as the last known location of the document. Please additionally state if you can regain control the document or a clear, legible copy of it, and if so, a timeframe in which you believe you can do so.

(F) As used herein, the words "occurrence," "collision," or and "incident" are used interchangeably, and refer to the incident that gave rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, the phrase "Date of Incident" refers to the date of the incident that gave rise to this lawsuit as defined in (F) above.

(H) In these questions to you, the singular includes the plural; the plural includes the singular; and any use of gender pronouns includes any and all gender pronouns.

## REQUEST FOR PRODUCTION

Plaintiff requests that you produce and permit Plaintiff to inspect, copy, test, and/or sample each of the following documents and things:

1.

All documents concerning any expert witnesses who you expect to testify at trial and the expert's CV, along with all documents relied upon by such expert in formulating their opinions and/or conclusions.

2.

All photographs, maps, sketches, videotapes, computer animations, models, diagrams, surveillance, and/or drawings of (a) the scene of the collision; (b) any object or vehicle involved in the accident; and/or (c) any person involved in the accident.

3.

Any traffic citations, accident reports, certified dispositions, and/or transcripts or other records of any judicial hearing related to the subject collision.

4

4.

All statements (written, auto recorded, videotaped, etc.) from or made by you or any other persons concerning the collision, or relevant to the subject matter involved in this lawsuit, including any depositions you have provided, discovery responses made by Defendant or on behalf of Defendant, a true-copy of the recording from any interview of you and/or Plaintiff taken by any insurance adjuster/agent prior to this lawsuit being filed, and a transcript of any statements, recorded or otherwise (recorded statements are not protected under any privilege) related to the subject collision. This request includes all internal emails, letters, and other documents.  (Please see: Atlantic Coast Line R. Co. v. Gause, 116 Ga.App. 216, 156 S.E.2d 476 (Ga.App. 1967). Bryant v. State, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007).

5.

All documents and transcripts related to any trials, hearings, administrative actions, settlements, etc. concerning any similar occurrences to those alleged in the Complaint (including proceedings concerning traffic tickets).

6.

All documents produced in any other lawsuit, hearing, or proceeding in which you were a party or a witness, regardless of the nature of the lawsuit, but including any other auto accident or traffic violation prior to or after the subject date of incident.

7.

All traffic citations, court documents or evidence of any traffic violation or collision you received or were involved in at any time in the last 5 years.

8.

All documents identified or corresponding to any of your answers to Plaintiff's Interrogatories.

9.

Any document which provides information regarding any insurance under which you were covered on the date of the collision giving rise to this lawsuit, including automobile insurance (whether you are the policy holder or otherwise), any homeowners insurance policy, any umbrella insurance policy, and/or any other similar insurance policies. Please note that this includes policies held by those who lived with you on the date of incident.

10.

Each and every document comprising a report made by any person, firm, association, or other entity (including insurance adjusters) that has conducted any investigation regarding the subject incident.

11.

Any documents gained as a result of, or related to, any communication between you, or anyone acting on your behalf, and any of Plaintiff's doctors, treatment providers, treatment facilities, or any other healthcare providers concerning the Plaintiff's condition before or after the subject collision. Plaintiff agrees and prefers to receive copies of such documents digitally.

12.

All documents and records concerning the vehicle you were driving at the time of the subject incident, including any documentation of mechanical issues, any documentation regarding recalls and any repair required or performed related thereto, receipts, maintenance and/or repair records, invoices, repair estimates, information regarding any salvage title, and documentation and/or photographs regarding or showing any damage to the vehicle prior to repair and after (please provide a high resolution, color copy of any such photographs) as indicated below:

a) for the entire time period beginning two years prior to the subject collision until six months after the date of incident; and

b) anything related specifically to damages that occurred as a result of the subject collision.

### 13.

Please produce any document that supports your denial of any of Plaintiff's Requests for Admissions.

### 14.

Each and every document tangible object, or other item of real, demonstrative, or documentary evidence which contains or may contain, material or information which is, or may be, relevant to any of the issues involved in this action; including certified copies of any guilty plea to any traffic ticket obtained related to the subject collision.

### 15.

Please provide or obtain and deliver the itemized cell phone bill (showing every call and text message received or sent) from the service provider or carrier for each and every cell phone or other such communication device that you owned or had access to at the date and time of the subject collision, whether or not you were using any of these devices at the time of the collision, for the 30 day period leading up to the date of incident through 24 hours following the subject collision.

### 16.

Please provide all documentation, handbooks, lists of requirements, or other documents, or identify where such documentation may be requested, regarding or evidencing the following:

a) Your employment with Defendant Atlas Van Lines, including your training, if any, results regarding drug and alcohol tests performed on you during your employment, and any documents related to any disciplinary action taken against you including documents related to termination, if any;

b) Your employment with any other company, business, etc. where you operated commercial vehicles, tractor trailers, or other heavy machinery; and

c) Any training and certifications that you have had in order to attain or continue to hold your commercial driver's license in Florida or any other state or country.

17.

Please provide your household's tax returns for the last 5 years. This includes your spouse and any other adults in your household who file with you. Please also provide itemizations of your net worth for the last 5 years including a list of substantial assets.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

By: _____

REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

8

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Request for Production of Documents to Defendant** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|                                       |                                       |
|---------------------------------------|---------------------------------------|
| BENJAMIN ALBIZZATTI,                  | \*                                    |
|                                       | \*                                    |
| Plaintiff,                            | \*                                    |
|                                       | \*     CIVIL ACTION FILE NO.          |
| v.                                    | \*                                    |
|                                       | \*                                    |
| MICHAEL DAVID SMITH and               | \*          21-C-07842-S5             |
| ATLAS VAN LINES, INC.,                | \*                                    |
|                                       | \*                                    |
| Defendants.                           | \*                                    |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ATLAS VAN LINES, INC.

COME NOW, Plaintiff in the above-styled action, by and through their undersigned attorney, pursuant to O.C.G.A. § 24-10-26 and § 9-11-34, and serves this Plaintiff's First Request for Production of Documents and Notice to Produce Originals at Trial pursuant to O.C.G.A. § 24-10-26 to Defendant Atlas Van Lines, Inc. (hereinafter "Defendant"). Defendant is required to comply with said Code sections as follows:

## I.    INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall identified by providing the following information:

      (a)    date of creation;

      (b)    every person known to have seen such document or to have been told of the contents

            of such document;

      (c)    the subject matter of such document sufficient for identification; and

      (d)    the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in your possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it

1

was transmitted, and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth shall be carefully followed:

## II.   **DEFINITIONS**

(A) As used herein, "Defendant," "you", and "your" refers to Defendant, individually, as well as any attorneys, agents, or representatives of any kind acting on your behalf.

(B) As used herein, the word "document" means every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, discs, data sheets, data processing cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" means any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates and every other type of organization or entity.

(D) As used herein, the word "date" means the exact day, month, and year, if you know it or if you can find it from another source such as a document or another person; otherwise, the word "date" means your best available approximation (including the relationship to other events).

2

(E) As used herein, the word "identify," when used in reference to:

    (1)    an individual means to state the person's full name, present or last known residence address (please designate if it is their present or last known address), and present or last known business affiliation (again, designating which), job title and employment address, and present or last known telephone numbers of the person and their place of employment.

    (2)    a firm, partnership, corporation, proprietorship, association, or other organization or entity, means to state its full name and present or last known (designating which) address(es) and telephone number(s).

    (3)    a document means to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e. a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If the document is in your possession, custody, or control, state whether you will make it available to Plaintiff's attorneys for inspection and/or copying. If any document you identify used to be in your possession, custody, or control, but is no longer, please state what happened to the document, when, why, by whom, and if applicable, please identify the last known person having possession of it as well as the last known location of the document. Please additionally state if you can regain control the document or a clear, legible copy of it, and if so, a timeframe in which you believe you can do so.

(F) As used herein, the words "occurrence," "collision," or and "incident" are used interchangeably, and refer to the incident that gave rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, the phrase "Date of Incident" refers to the date of the incident that gave rise to this lawsuit as defined in (F) above.

(H) In these questions to you, the singular includes the plural; the plural includes the singular; and any use of gender pronouns includes any and all gender pronouns.

### **REQUEST FOR PRODUCTION**

Plaintiff requests that you produce <u>and</u> permit Plaintiff to inspect, copy, test, and/or sample each of the following documents and things:

1.

All reports, correspondence, memos, notes, photos, exhibits, and other documents concerning observations, calculations, illustrations, and opinions of any expert witnesses who you expect to testify at trial, the expert's CV, and all documents relied upon by such expert in formulating their opinions and/or conclusions.

2.

All photographs, maps, sketches, videotapes, computer animations, models, diagrams, surveillance, and/or drawings of (a) the scene of the collision; (b) any object or vehicle involved in the accident; and/or (c) any person involved in the accident.

3.

Any traffic citations, accident reports, certified dispositions, and/or transcripts or other records of any judicial hearing related to the subject collision.

4.

All statements (written, auto recorded, videotaped, texted, emailed, etc.) from or made by agents, employees, and/or representatives of Atlas Van Lines, Inc., Defendant Smith, or any other persons concerning the subject collision, including, but not limited to, the following:

a) any depositions provided or discovery responses made by or on behalf of any of the above;

b) a true copy of the recording from any interview of any of the above persons taken by any insurance adjuster, agent, or representative of Atlas Van Lines, Inc. regarding the subject collision;

c) a transcript of any statements, recorded or otherwise (recorded statements are not protected under any privilege) related to the subject collision; and

d) all internal emails, letters, and other documents in the possession of anyone having investigated the subject collision on behalf of Defendants, or in the possession of either Defendant. (Please see: Atlantic Coast Line R. Co. v. Gause, 116 Ga.App. 216, 156 S.E.2d 476 (Ga.App. 1967). Bryant v. State, 282 Ga. 631, 636(4), 651 S.E.2d 718 (2007).

5.

All documents and transcripts related to any trials, hearings, administrative actions, settlements, etc. in which Defendant was a party or otherwise involved concerning situations where an employee or contractor of Defendant was in a collision with other vehicles while operating a tractor trailer owned by Defendant, including any such trials, hearings, and/or settlements with any other party involved in the subject collision.

6.

All documents identified or corresponding to any of your answers to Plaintiff's Interrogatories.

7.

The declaration pages and a full copy of all insurance policies, including umbrella policies, which afford Defendants insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

8.

Each and every document, memoranda, email, text message, agreement, etc. prepared as a result of the subject incident prepared or possessed by Defendants or any person, firm, association, or other entity (including insurance adjusters) representing or on behalf of Defendants, or by the other involved parties or their representatives regarding the subject collision.

9.

Any documents gained as a result of, or related to, any communication between Defendant, or anyone acting on Defendant's behalf, and any of Plaintiff's doctors, treatment providers, treatment facilities, or any other healthcare providers concerning the Plaintiff's condition before or after the subject collision. Plaintiff agrees and prefers to receive copies of such documents digitally.

10.

All documents and records concerning the vehicle being driven by Defendant Smith at the time of the subject incident, including any documentation of mechanical issues, any documentation regarding recalls and any repair required or performed related thereto, receipts, maintenance and/or repair records, invoices, repair estimates, information regarding any salvage title, and documentation and/or photographs regarding or showing any damage to the vehicle prior to repair and after (please provide a high resolution, color copy of any such photographs) as indicated below:

6

a) for the entire time period beginning two years prior to the subject collision until six months after the date of incident; and

b) anything related specifically to damages that occurred as a result of the subject collision.

11.

Please produce any document that supports your denial of any of Plaintiff's Requests for Admissions.

12.

If you provided Defendant Smith with a cellular device, please provide or obtain and deliver the itemized cellular bill (showing every exchange, call, and/or text message received or sent) from the service provider or carrier for the 5 hours prior to the subject collision through 5 hours following the subject collision.

13.

Please provide all documentation, handbooks, lists of requirements, or other documents, or identify where such documentation may be requested, regarding or evidencing the following:

a) Defendant Smith's employment with Defendant Atlas Van Lines. Please provide Mr. Smith's entire employment file, including any documentation regarding any training prior to and during his employment with Defendant Atlas Van Lines; results regarding drug and alcohol tests performed on Defendant Smith during his employment; and any documents related to any disciplinary action taken against Defendant Smith during the course of his employment, including documents related to termination, if any;

b) Any training provided by Defendant Atlas Van Lines to Defendant Smith;

7

c) Documentation regarding Defendant Atlas Van Line's requirements for training, continuing education, certifications, licenses, etc. for its employees;

d) Documentation regarding Defendant's safety requirements for operating a tractor trailer, including check lists, etc., and any such documentation, digital or otherwise, that was, or should have been, completed by Defendant Smith on the date of incident;

e) Any information recorded on the date of the subject collision by the "black box," GPS, cameras, or any other on board information recording device that may have existed in, on, or around the tractor trailer driven by Defendant Smith at the time of the subject collision.

17.

Any and all documents regarding Defendant's knowledge of, or investigation of, Defendant Smith's driving record, experience, qualifications, training prior to hiring or at any point thereafter.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

By: _____

REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

8

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,       \*
                                      \*

      Plaintiff,             \*
                                      \*     CIVIL ACTION FILE NO.

v.                               \*
                                      \*

MICHAEL DAVID SMITH and    \*
ATLAS VAN LINES, INC.,       \*
                                      \*

      Defendants.        \*

## CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Request for Production of Documents to Defendant** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted November 2, 2021.

                                NICK SCHNYDER LAW FIRM, LLC

                                *Rebecca Rea*

                                By:_____
                                REBECCA M. REA, Esq.
                                Georgia Bar No. 799566
                                Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

9

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　CIVIL ACTION FILE NO.
v.　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
MICHAEL DAVID SMITH and　　　　*　　　　21-C-07842-S5
ATLAS VAN LINES, INC.,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Defendants.　　　　　　　*

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MICHAEL DAVID SMITH

**COMES NOW**, BENJAMIN ALBIZZATTI, Plaintiff in the above-styled action (hereinafter, "Plaintiff"), by and through their undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant MICHAEL DAVID SMITH (hereinafter "Defendant") this Plaintiff's First Request for Admissions to Defendant.

Answers should specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if they fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof,

including reasonable attorney's fees.

## Admissions

1.

Admit that on or about January 05, 2020 (hereinafter the "Date of Incident"), Defendant was the driver of a 2008 Kenwood tractor trailer.

2.

Admit that on the Date of Incident, Plaintiff was travelling on Johnson Ferry Road (hereinafter, "Road of Occurrence") in Cobb County, Georgia.

3.

Admit that on the Date of Incident, Defendant was travelling behind Plaintiff.

4.

Admit that on the Date of Incident, Plaintiff was travelling on the Road of Occurrence safely and in plain view.

5.

Admit that on the Date of Incident, Defendant followed Plaintiff's vehicle too closely.

6.

Admit on the Date of Incident that Defendant was cited for following too closely.

7.

Admit that Defendant collided with Plaintiff on the Date of Incident.

8.

Admit that on the Date of Incident, Defendant negligently caused Plaintiff injuries and vehicular damage.

9.

Admit that on the Date of Incident, Plaintiff was without fault during the subject collision.

10.

Admit that on the Date of Incident, as a result of the subject collision, Defendant was the actual and proximate cause of Plaintiff's injuries.

11.

Admit that Defendant failed to pay attention to the location of the Plaintiff's vehicle prior to impact.

12.

Admit that Defendant was served with Plaintiff's Request for Admissions, Request for Production of Documents, Request for Interrogatories, and Notice of Deposition in the above-styled case.

13.

Admit that Defendant failed to make reasonable and proper observations while operating their vehicle causing the subject collision.

14.

Admit that on the Date of Incident, Defendant admitted to the responding officer that the Defendant was at fault for the subject collision.

15.

Admit that it was the responsibility of Defendant to remain free of distractions while operating their motor vehicle.

16.

Admit that on the Date of Incident, Defendant was distracted while operating their vehicle.

17.

Admit that on the Date of Incident, Defendant was using their cell phone in any way (phone call, use of an app, for music or other audio purposes, etc.) at the time of the subject collision.

18.

Admit that Defendant's use of their cell phone contributed to occurrence of the subject collision.

19.

Admit that on the Date of Incident, Defendant had consumed alcohol within twenty-four hours prior to the subject collision.

20.

Admit that on the Date of Incident, Defendant had consumed drugs (prescription or otherwise) within twenty-four hours prior to the subject collision.

21.

Admit that on the Date of Incident, Defendant maintained and/or was covered by liability insurance.

22.

Admit that Defendant was working on behalf of Atlas Van Lines at the time of the subject collision.

23.

Admit that all of Plaintiff's medical treatment and bills were reasonable and necessary to resolve Plaintiff's symptoms and pain caused by the subject collision.

24.

Admit that Atlas Van Lines did not train Defendant how to properly operate the vehicle he was driving at the time of the subject incident.

25.

Admit that Defendant told the responding officer that in the second prior to the subject collision, Defendant looked away from the road in order to retrieve his sunglasses from the floor of the truck and did not see the stopped vehicles ahead of him.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

5

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Request for Admissions** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

Rebecca Rea

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

6

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,

      Plaintiff,

v.

MICHAEL DAVID SMITH and
ATLAS VAN LINES, INC.,

      Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION FILE NO.

21-C-07842-S5

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
### ATLAS VAN LINES, INC.

**COMES NOW**, BENJAMIN ALBIZZATTI, Plaintiff in the above-styled action (hereinafter, "Plaintiff"), by and through their undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant Atlas Van Lines, Inc. (hereinafter "Defendant" or "Defendant Atlas Van Lines") this Plaintiff's First Request for Admissions to Defendant.

Answers should specifically admit or deny the matter, or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if they fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof,

including reasonable attorney's fees.

## Admissions

1.

Admit that on January 05, 2020 (hereinafter the "Date of Incident"), Defendant Smith was an employee or agent of Defendant Atlas Van Lines.

2.

Admit that on the Date of Incident, Defendant Smith was acting within the scope of his employment and/or agency for or on behalf of Defendant Atlas Van Lines.

3.

Admit that on the Date of Incident, Defendant Atlas Van Lines was responsible for the actions and omissions of Defendant Smith.

4.

Admit that on the Date of Incident, Defendant Atlas Van Lines had sole supervisory authority over Defendant Smith.

5.

Admit that on the Date of Incident, Defendant Atlas Van Lines was solely responsible for the hiring, training, and retention of Defendant Smith relating to Defendant Smith's employment position with Defendant Atlas Van Lines.

6.

Admit that on the Date of Incident, Defendant Atlas Van Lines owned the tractor trailer that Defendant was operating at the time of the subject collision.

7.

Admit that on the Date of Incident, Defendant Atlas Van Lines maintained a liability insurance

policy which covered any driver of a vehicle that was owned and operated by Defendant Atlas Van Lines.

8.

Admit that on the Date of Incident, Defendant Atlas Van Lines failed to perform or cause to have performed within three hours of the collision a post collision drug and alcohol test on Defendant Smith.

9.

Admit that Defendant Atlas Van Lines did not punish or terminate Defendant Smith as a result of the subject collision.

10.

Admit that Defendant Smith admitted to the responding police officer that he ran into the other involved vehicles on the Date of Incident due to being distracted.

11.

Admit that Defendant Smith is solely at fault for the subject collision.

12.

Admit that Defendant Atlas Van Lines failed to fully investigate Defendant Smith's driving history and record prior to hiring him.

13.

Admit that the vehicle Defendant Smith was operating at the time of the subject collision was function properly prior to the collision occurring.

14.

Admit that Defendants have already settled claims and lawsuits with other parties that were also involved in the subject collision.

15.

Admit that Defendant Atlas Van Lines maintains multiple tiers of insurance which cover any potential damages sustained due to the negligence of its employees.

16.

Admit that venue is proper in this case.

17.

Admit that Defendant Atlas Van Lines regularly conducts business within the State of Georgia.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

4

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Request for Admissions** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted November 2, 2021.

NICK SCHNYDER LAW FIRM, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

5

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| MICHAEL DAVID SMITH and | * | 21-C-07842-S5 |
| ATLAS VAN LINES, INC., | * | |
| | * | |
| Defendants. | * | |

### NOTICE TO TAKE DEPOSITION OF DEFENDANT

TO:   Michael David Smith
      Attached to the Complaint

PLEASE TAKE NOTICE that, pursuant to O.C.G.A. § 9-11-29 and § 9-11-30(b)(4), the deposition of Michael David Smith will be taken on January 10, 2022 at 9 a.m. at Nick Schnyder Law Firm, LLC, 351 Atlanta Street SE, Marietta, GA 30060 or alternatively remotely via Zoom. The deposition will be recorded by stenographic transcription before an officer duly authorized or designated by law to administer oaths. Said deposition shall be taken for use in evidence, discovery, preservation of evidence, and for all purposes authorized by the Georgia Civil Practice Act. Said deposition shall continue from day to day until its completion.

Respectfully submitted November 2, 2021.

**Nick Schnyder Law Firm, LLC**

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax:  404-341-9969
rebecca@schnyderlawfirm.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,        *

                                *

      Plaintiff,            *

                                *     CIVIL ACTION FILE NO.

v.                          *

                                *

MICHAEL DAVID SMITH and   *     21-C-07842-S5

ATLAS VAN LINES, INC.,      *

                                *

      Defendants.        *

## 30(b)(6) NOTICE TO TAKE DEPOSITION OF DEFENDANT ATLAS VAN LINES, INC.

TO:    Registered Agent of Atlas Van Lines, Inc.
       Attached to the Complaint

     PLEASE TAKE NOTICE that, pursuant to O.C.G.A. § 9-11-29 and § 9-11-30(b)(6), the deposition of the corporate representative(s) of Atlas Van Lines, Inc. with the most knowledge of the areas of inquiry stated in Appendix A attached hereto will be taken on January 10, 2022 at 11am at Nick Schnyder Law Firm, LLC at 351 Atlanta Street SE, Marietta GA 30060, or alternatively remotely via Zoom. Disclosure of the identity of the 30(b)(6) witness must be provided to Plaintiff's counsel in advance of the deposition date. The deposition will be recorded by stenographic transcription before an officer duly authorized or designated by law to administer oaths. Said deposition shall be taken for use in evidence, discovery, preservation of evidence, and for all purposes authorized by the Georgia Civil Practice Act. Said deposition shall continue from day to day until its completion.

     Respectfully submitted November 2, 2021.

                        **Nick Schnyder Law Firm, LLC**

                        *Rebecca Rea*

                        By:_____
                        REBECCA M. REA, Esq.
                        Georgia Bar No. 799566
                        Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

**APPENDIX A:**

1.   All policies and procedures followed by Defendant for investigating and inspecting employee collisions;

2.   All policies and procedures followed by Defendant pertaining to the creation, storage, and destruction of all evidence pertaining to the subject truck;

3.   All policies and procedures followed by Defendant for compliance with trucking laws and regulations including but not limited to the FMCSA;

4.   Knowledge of all management, employees, associates, or other agents of Defendant who have knowledge of the subject collision;

5.   All policies and procedures followed by Defendant for all post collision testing and safety standards;

6.   All policies and procedures followed by Defendant for the hiring, training, and retention of employees and drivers;

7.   Any and all knowledge pertaining to the subject driver and collision; and/or

8.   Defendant's agent's specific actions taken on the date of Plaintiff's injury and thereafter relating to the cause of actions for this claim.

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**11/2/2021 11:47 AM**
TIANA P. GARNER, CLERK

21-C-07842-S5

**Clerk of Court**
**State Court of Gwinnett**

| | |
|---|---|
| **Re:** | **Albizzatti v. Smith and Atlas Van Lines, Inc.** |
| **TO:** | **All Judges, Clerks of Court, and Counsel of Record** |
| **FROM:** | **Rebecca M. Rea, Esq.** |
| **RE:** | **Notice of Leave of Absence** |

**COMES NOW,** Rebecca M. Rea, and respectfully notifies all judges before whom she has cases pending, all affected clerks of court, and all opposing counsel, that she will be on leave from the practice of law pursuant to Georgia Uniform Court Rule 16.1 during the following dates:

**November 24-29, 2021; December 16, 2021 through January 5, 2022; March 19 through March 23, 2022; April 16 through April 30, 2022; June 20-24, 2022; July 2 through July 7, 2022; September 15 through September 23, 2022; October 25 through November 10, 2022; November 24-28, 2022; and December 16, 2022 through January 5, 2023.**

Applicant states that she will be out of state or on personal business during the indicated periods of time and will be unable to participate in trials, hearing, depositions, or other legal proceedings during these dates.

All affected judges and opposing counsel shall have ten days from the date of this Notice to object. If no objections are filed, the leave shall be granted.

Respectfully submitted November 2, 2021.

Nick Schnyder Law Firm, LLC

*Rebecca Rea*

By:_____
REBECCA M. REA, Esq.
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
rebecca@schnyderlawfirm.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**
**12/7/2021 9:14 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**Benjamin Albizzatti,**

       Plaintiff(s),

vs.

                               **Case No.: 21-C-07842-S5**

**Michael David Smith and Atlas Van Lines, Inc.,**

       Defendant(s).

---

### AFFIDAVIT OF SERVICE

Personally appeared before me the undersigned officer duly authorized to administer oaths, Rodney McClellan, who, after being duly sworn, deposes and states the following:

1.

Affiant states that he/she is appointed by this Court to serve process. The statements made are true and correct and are based upon my personal knowledge.

2.

I served Atlas Van Lines, Inc. with a Summons, Complaint for Damages, Plaintiff's First Request for Admissions to Defendant Atlas Van Lines, Inc., Certificate of Service, Plaintiff's First Request for Plaintiff's First Request for Production of Documents to Defendant Atlas Van Lines, Inc., Certificate of Service, Plaintiff's First Interrogatories to Defendant Atlas Van Lines, Inc., Certificate of Service, Plaintiff's First Interrogatories to Defendant Smith, Certificate of Service, Plaintiff's First Request for Production of Documents to Defendant Smith, Certificate of Service, Plaintiff's First Request for Admissions to Defendant Michael David Smith, Certificate of Service, Notice to Take Deposition of Defendant, 30(b)(6) Notice to Take Deposition of Defendant Atlas Van Lines, Inc., Appendix A, Rule 5.2 Certificate of Service, and Notice of Leave of Absence by leaving the documents with Barry Smith, agent at Corporation Service Company, Registered Agent of Atlas Van Lines, Inc. at said person's place of employment/place of business located at 2 Sun Court, Suite #400, Norcross, GA 30092 on December 03, 2021 at 2:37 PM.

Signed and sworn to before me on
this __6__ day of __December__, 20__21__
by an affiant who is personally known to me
or produced identification.



_____
Notary Public

**Rodney McClellan**
Express Legal Services LLC
860 Johnson Ferry Rd.
Atlanta, GA 30342
(678) 648-6330

GAVIN WEBB
NOTARY
EXPIRES
GEORGIA
November 2, 2025
PUBLIC
FORSYTH COUNTY





*5140786*

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**12/7/2021 10:28 AM**
TIANA P. GARNER, CLERK

## RETURN OF SERVICE

State of Georgia                              County of Gwinnett                              **State Court**

Case Number: 21-C-07842-S5

Plaintiff:
**BENJAMIN ALBIZZATTI**

vs.

Defendant:
**MICHAEL DAVID SMITH and ATLAS VAN LINES, INC**

For:
Rebecca M. Rea
Nick Schnyder Law Firm, LLC
351 Atlanta Street Southeast
Marietta, GA 30060

LIN2021031161

Received by Lynx Legal Services, LLC on the 1st day of December, 2021 at 3:56 pm to be served on Michael David Smith, 1388 Laurel Hill Drive, Clermont, FL 34711.

I, George Hanzimanolis, do hereby affirm that on the 4th day of December, 2021 at 11:10 am, I:

**INDIVIDUALLY/PERSONALLY** served Michael David Smith  by delivering a true copy of the 30-Day Summons, Complaint for Damages, Notice of Taking Deposition of Defendant, Plaintiff's First Request for Admissions to Defendant Michael David Smith, Plaintiff's First Request for Production of Documents to Defendant Smith, Plaintiff's First Interrogatories to Defendant Smith and Exhibits with the date and hour of service endorsed thereon by me, directly to Michael David Smith at the given address of: 1388 Laurel Hill Drive, Clermont, FL 34711, and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 47, Sex: M, Race/Skin Color: White, Height: 6'0", Weight: 175, Hair: Grey, Glasses: N

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the penalty of perjury, I declare that I have read the foregoing proof of service, and I attest that the facts stated in it are true.

George Hanzimanolis
Process Server

Lynx Legal Services, LLC
201 E. Pine Street
Suite 740
Orlando, FL 32801
(407) 872-0707

Our Job Serial Number: LIN-2021031161

My Commission expires 3/24/2025

TAMIKA SIMMONS
MY COMMISSION EXPIRES
NOTARY PUBLIC
MARCH 24, 2025
COBB COUNTY, GEORGIA

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e



E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**12/16/2021 2:17 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07842-S5 |
| v. | ) | |
| | ) | |
| MICHAEL DAVID SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER

COME NOW plaintiff and defendants and, pursuant to O.C.G.A. § 9-11-6(b),

hereby stipulate and agree that the time for defendants to answer or otherwise

respond to plaintiff's complaint, interrogatories, and request for production of

documents is hereby extended to and including February 2, 2022. All defenses as to

jurisdiction, process, service of process, and venue are preserved.

NICK SCHNYDER LAW FIRM, LLC

*/s/ Rebecca M. Rea*
Rebecca M. Rea (*by Sheetal M. Brahmbhatt*
*with express permission*)
Georgia Bar No. 799566
Attorney for Plaintiff

351 Atlanta Street SE
Marietta, GA 30060
(404) 902-3553 (telephone)
(404) 341-9969 (facsimile)

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Rebecca M. Rea, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060

This 16th day of December, 2021.

> /s/ Sheetal M. Brahmbhatt
> Sheetal M. Brahmbhatt
> Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**1/14/2022 4:05 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07842-S5 |
| v. | ) | |
| | ) | |
| MICHAEL DAVID SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served a copy of:

(1) *Defendant Michael David Smiths' Responses to Plaintiff's First Request for Admissions*; and

(2) *Defendant Atlas Van Lines, Inc.'s Responses to Plaintiff's First Request for Admissions*

upon counsel of record by electronic service via e-mail, addressed as follows:

> Rebecca M. Rea, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060
> rebecca@schnyderlawfirm.com

This 14th day of January, 2022.

                              STONE KALFUS LLP

                              */s/ Sheetal M. Brahmbhatt*
                              Matthew P. Stone
                              Georgia Bar No. 684513
                              Shawn N. Kalfus
                              Georgia Bar No. 406227
                              Sheetal M. Brahmbhatt
                              Georgia Bar No. 142065
                              Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**2/1/2022 4:19 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,                )
                                    )
        Plaintiff,                  )        CIVIL ACTION FILE
                                    )        NO. 21-C-07842-S5
v.                                  )
                                    )
MICHAEL DAVID SMITH and             )
ATLAS VAN LINES, INC.,              )
                                    )
        Defendants.                 )

## SECOND STIPULATION EXTENDING TIME
## FOR DEFENDANTS TO ANSWER

COME NOW plaintiff and defendants and, pursuant to O.C.G.A. § 9-11-6(b),

hereby stipulate and agree that the time for defendants to answer or otherwise

respond to plaintiff's complaint, interrogatories, and request for production of

documents is hereby extended to and including February 28, 2022.  All defenses as

to jurisdiction, process, service of process, and venue are preserved.


NICK SCHNYDER LAW FIRM, LLC

*/s/ Paul Ardila*
Paul Ardila (*by Sheetal M. Brahmbhatt with express permission*)
Georgia Bar No. 349123
Attorney for Plaintiff

351 Atlanta Street SE
Marietta, GA 30060

(404) 902-3553 (telephone)
(404) 341-9969 (facsimile)

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *SECOND STIPULATION EXTENDING TIME FOR DEFENDANTS TO ANSWER* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Paul Ardila, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060

This 1st day of February, 2022.

> */s/ Sheetal M. Brahmbhatt*
> Sheetal M. Brahmbhatt
> Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**2/28/2022 5:12 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

BENJAMIN ALBIZZATTI,       )
                              )
      Plaintiff,             )     CIVIL ACTION FILE
                              )     NO. 21-C-07842-S5
v.                            )
                              )
MICHAEL DAVID SMITH and    )
ATLAS VAN LINES, INC.,       )
                              )
      Defendants.          )

## DEFENDANTS' ANSWER AND
## DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW defendants Atlas Van Lines, Inc. ("Atlas") and Michael David Smith and answer plaintiff's complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Responding to the specifically numbered paragraphs of plaintiff's complaint, defendants answer as follows:

### 1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

2.

Defendants admit the allegations in this paragraph of the complaint.

3.

Responding to the allegations in this paragraph of the complaint, defendants admit Atlas' principal place of business is in Indiana and Corporation Service Company is the registered agent at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.  Except as expressly admitted, these defendants deny the allegations in this paragraph of the complaint.

4.

Defendants admit the allegations in this paragraph of the complaint.

5.

Defendants admit the allegations in this paragraph of the complaint.

6.

Defendants admit the allegations in this paragraph of the complaint.

7.

Defendants admit the allegations in this paragraph of the complaint.

8.

Defendants admit the allegations in this paragraph of the complaint insofar as the action is presently framed and the party or parties upon whose residence venue

is based remain in the action.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

9.

Defendants admit this court has subject matter jurisdiction.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## **BACKGROUND**

10.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

12.

Defendants deny the allegations in this paragraph of the complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

14.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Smith was an owner-operator driving on behalf of an Atlas interstate agent at the time of the accident.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

15.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Smith was an owner-operator driving on behalf of an Atlas interstate agent at the time of the accident.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT 1
## NEGLIGENCE

16.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

17.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Smith had a duty to follow applicable law.  Except as expressly admitted, defendants deny the allegations in this paragraph of the complaint.

18.

Defendants deny the allegations in this paragraph of the complaint.

19.

Responding to the allegations in this paragraph of the complaint, defendants admit the *respondeat superior* doctrine applies to plaintiff's claims of negligence against Mr. Smith.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

20.

Defendants deny the allegations in this paragraph of the complaint.

21.

Defendants deny the allegations in this paragraph of the complaint.

22.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

23.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

24.

Defendants deny the allegations in this paragraph of the complaint.

25.

Defendants deny the allegations in this paragraph of the complaint, including those set forth in subparagraphs (a) through (e).

**COUNT II**
**IMPUTED LIABILITY**

26.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

27.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Smith was an owner-operator driving on behalf of an Atlas interstate agent at the time of the accident.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

28.

Responding to the allegations in this paragraph of the complaint, defendants admit Mr. Smith was an owner-operator driving on behalf of an Atlas interstate agent at the time of the accident.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

29.

Responding to the allegations in this paragraph of the complaint, defendants admit Atlas is an intrastate or interstate motor carrier and the *respondeat superior* doctrine applies to plaintiff's claims of negligence against Mr. Smith.  Except as expressly admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the complaint.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

30.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

31.

Defendants deny the allegations in this paragraph of the complaint.

32.

Defendants deny the allegations in this paragraph of the complaint.

33.

Defendants deny the allegations in this paragraph of the complaint.

34.

Defendants deny the allegations in this paragraph of the complaint.

## COUNT IV
## NEGLIGENCE PER SE

35.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

36.

Defendants deny the allegations in this paragraph of the complaint.

37.

Defendants deny the allegations in this paragraph of the complaint.

38.

Defendants deny the allegations in this paragraph of the complaint.

## DAMAGES

39.

Defendants deny the allegations in this paragraph of the complaint.

40.

Defendants deny the allegations in this paragraph of the complaint.

## PUNITIVE DAMAGES

41.

Defendants incorporate their responses to the foregoing paragraphs of the complaint as if fully set forth herein.

42.

Defendants deny the allegations in this paragraph of the complaint.

43.

Responding to the allegations in the unnumbered paragraph which begins "WHEREFORE" and constitutes plaintiff's prayer for relief, including subparagraphs (a) through (h), defendants deny plaintiffs are entitled to any relief from them under any theory, at law or in equity.

44.

Except as expressly admitted or otherwise responded to, defendants deny all allegations in the complaint.

## THIRD DEFENSE

Defendants did not breach any duty owed to plaintiff.

FOURTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against defendants.

FIFTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, including but not limited to plaintiff, and no alleged act by defendants caused or contributed to the incident described in the complaint.

SIXTH DEFENSE

The imposition of punitive damages against defendants would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

SEVENTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against defendants in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate

the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

## EIGHTH DEFENSE

To the extent as may be shown applicable by the evidence through discovery, these defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiffs to avoid consequences, failure of plaintiffs to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, and waiver.

## NINTH DEFENSE

Defendants reserve the right to plead such other defenses as may become known to them during the course of investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, defendants pray as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff on the complaint;

-11-

(b)     That the costs of this action, including attorney's fees be cast against

plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

> STONE KALFUS LLP
>
> */s/ Sheetal M. Brahmbhatt*
> Matthew P. Stone
> Georgia Bar No. 684513
> Shawn N. Kalfus
> Georgia Bar No. 406227
> Sheetal M. Brahmbhatt
> Georgia Bar No. 142065
> Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE, Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Defendants' Answer and Defenses to Plaintiff's Complaint* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants.  Counsel of record is as follows:

> Paul Ardila, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060

This 28th day of February, 2022.

*/s/ Sheetal M. Brahmbhatt*
Sheetal M. Brahmbhatt
Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**
**2/28/2022 5:14 PM**
**TIANA P. GARNER, CLERK**

# STONE | KALFUS

## ATTORNEYS AT LAW

ATLANTA | LOS ANGELES | SAN DIEGO

**M E M O R A N D U M**

**TO:**     **All Judges, Clerks of Court, and Counsel of Record**
**FROM:**   **Matthew P. Stone**
**DATE:**   **February 28, 2022**
**RE:**     **Notice of Leave of Absence**

COMES NOW Matthew P. Stone ("Applicant") and notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Rule 16 of the Georgia Uniform State Court Rules.

1.     The period of leave during which time Applicant will be away from the practice of law in 2022 and the reasons are:

March 23-25 (out of state business/CLE);

March 28-April 11 (out of state personal/family vacation);

October 12-14 (out of state business/CLE);

November 23-30 (out of state personal/family); and

December 26-30 (out of state personal/family).

---

**S|K**   DIRECT: 404-736-2602 | Matt.Stone@StoneKalfus.com
ONE MIDTOWN PLAZA | 1360 PEACHTREE STREET NE | SUITE 1250 | ATLANTA, GA 30309
MAIN: 404-736-2600 | FAX: 877-736-2601 | WWW.StoneKalfus.com

2.      Pursuant to Rule 16, affected judges and opposing counsel shall have

ten days from the date of this Notice to object to it.  If no objections are filed, the

leave shall be granted.

Respectfully submitted,

STONE KALFUS LLP

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Notice of Leave of Absence* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA participants.

This 28th day of February, 2022.

*/s/ Matthew P. Stone*
Matthew P. Stone
Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

**EXHIBIT A**

| Civil Action | Assigned Judge | Opposing Counsel |
|---|---|---|
| <u>Benjamin Albizzatti v. Michael David Smith and Atlas Van Lines, Inc.</u><br>State Court of Gwinnett County<br>CAFN: 21-C-07842-S5 | Hon. Pamela D. South | Paul Ardila, Esq.<br>Nick Schnyder Law Firm, LLC<br>351 Atlanta Street SE<br>Marietta, GA 30060 |

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**3/1/2022 10:52 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07842-S5 |
| v. | ) | |
| | ) | |
| MICHAEL DAVID SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEMAND FOR JURY OF TWELVE**

COME NOW defendants, pursuant to O.C.G.A. §§ 15-12-122 and 15-12-123, and demand that this action be tried by a jury of twelve.  In support of this demand, defendants show that they reasonably believe plaintiff's claim for damages is greater than $25,000 and that this demand is made before the commencement of the trial term in which this case is to be tried.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served the foregoing *Demand for Jury of Twelve* upon all judges, clerks, and opposing counsel to the Clerk of Court electronically using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to counsel of record and others who are Odyssey eFileGA eFile participants. Counsel of record is as follows:

> Paul Ardila, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060

This 1st day of March, 2022.

> */s/ Sheetal M. Brahmbhatt*
> Sheetal M. Brahmbhatt
> Georgia Bar No. 142065

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07842-S5**
**3/7/2022 6:49 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07842-S5 |
| v. | ) | |
| | ) | |
| MICHAEL DAVID SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served a copy of:

(1)   *Defendant Atlas Van Lines, Inc.'s Responses to Plaintiff's First Request for Production of Documents*;

(2)   *Defendant Atlas Van Lines, Inc.'s Responses to Plaintiff's First Continuing Interrogatories*;

(3)   *Defendant Michael David Smith's Responses to Plaintiff's First Request for Production of Documents*; and

(4)   *Defendant Michael David Smith's Responses to Plaintiff's First Continuing Interrogatories*

upon counsel of record by United States first-class mail, addressed as follows:

Paul Ardilla, Esq.
Nick Schnyder Law Firm, LLC
351 Atlanta Street SE
Marietta, GA 30060

This 7th day of March, 2022.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**3/9/2022 11:29 AM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATTI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 21-C-07842-S5 |
| v. | ) | |
| | ) | |
| MICHAEL DAVID SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I

have this day served a copy of:

(1)     *Defendant Atlas Van Lines, Inc.'s First Requests for Production of*

*Documents to Plaintiff Benjamin Albizzatti*; and

(2)     *Defendant Atlas Van Lines, Inc.'s First Continuing Interrogatories to*

*Plaintiff Benjamin Albizzatti*

upon counsel of record by electronic service via email, addressed as follows:

Paul Ardilla, Esq.
Nick Schnyder Law Firm, LLC
351 Atlanta Street SE
Marietta, GA 30060
pardila@schnyderlawfirm.com

This 9th day of March, 2022.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

21-C-07842-S5

3/30/2022 1:36 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BENJAMIN ALBIZZATTI,       )
                            )
     Plaintiff,          )      CIVIL ACTION FILE
                            )      NO. 21-C-07842-S5
v.                        )
                            )
MICHAEL DAVID SMITH and   )
ATLAS VAN LINES, INC.,     )
                            )
     Defendants.       )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I have this day served a copy of:

(1)   *Defendant Michael David Smith's Supplemental Responses to Plaintiff's First Request for Production of Documents*;

(2)   *Defendant Atlas Van Lines, Inc.'s Supplemental Responses to Plaintiff's First Continuing Interrogatories;* and

(3)   *Defendant Atlas Van Lines, Inc.'s Supplemental Responses to Plaintiff's First Request for Production of Documents*

upon counsel of record by United States first-class service, addressed as follows:

Paul Ardila, Esq.
Nick Schnyder Law Firm, LLC
351 Atlanta Street SE
Marietta, GA 30060

pardila@schnyderlawfirm.com

This 30th day of March, 2022.

STONE KALFUS LLP

*/s/ Sheetal M. Brahmbhatt*
Matthew P. Stone
Georgia Bar No. 684513
Shawn N. Kalfus
Georgia Bar No. 406227
Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**5/17/2022 2:16 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| BENJAMIN ALBIZZATI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 21-C-07842-S5 |
| MICHAEL SMITH and | ) | |
| ATLAS VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### 5.2 CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Plaintiff's Response to Defendant Atlas Van Lines, Inc.'s First Interrogatories, Request for Production of Documents, and Notice to Produce on counsel for the parties of record, by filing same electronically with the Court and by email to the following:

Stone Kalfus LLP
Sheetal M. Brahmbhatt
One Midtown Plaza
1360 Peachtree St. NE Ste 1250
Atlanta, GA  30309
sheetal.brahmbhatt@stonekalfus.com

This  17th  day of May, 2022.

By: _Rebecca Rea_
Nick Schnyder Law Firm
Rebecca M. Rea, Esq.
GA Bar No. 799566
Paul Ardila, Esq.
GA BAR No. 349123
Attorneys for Plaintiff

351 Atlanta Street, SE
Marietta, GA 30060
Telephone: (404)-902-3553
Facsimile: (404)-341-9969
pardila@schnyderlawfirm.com
rebecca@schnyderlawfirm.com

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07842-S5**

**6/28/2022 4:57 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

BENJAMIN ALBIZZATTI,                    )
                                        )
        Plaintiff,                      )          CIVIL ACTION FILE
                                        )          NO. 21-C-07842-S5
v.                                      )
                                        )
MICHAEL DAVID SMITH and                 )
ATLAS VAN LINES, INC.,                  )
                                        )
        Defendants.                     )

## **RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Rule 5.2 of the Uniform State Court Rules, I hereby certify that I

have this day served a copy of non-party requests to:

(1)    *AT&T Wireless*;

(2)    *Atlantic Union Bank (Marietta)*;

(3)    *Atlantic Union Bank (Peachtree Corners*;

(4)    *WMG Urgent Care at East Cobb Health Park*;

(5)    *Twin Lakes Physical Therapy*;

(6)    *Walgreens*;

(7)    *Team Rehabilitation GA05 LLC*;

(8)    *Perimeter Surgery Center of Atlanta*;

(9)    *Peachtree Orthopedics*;

(10)   *Myers Sports Medicine & Orthopaedic Clinic*;

(11)   *OrthoGeorgia*;

(12)   *Inspired Mobility Physical Therapy, LLC*;

(13)   *Flowers Medical Group, LLC*;

(14)   *Comprehensive Spine & Pain (Villa Rica)*;

(15)   *Comprehensive Spine & Pain (Atlanta)*;

(16)   *Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.*;

(17)   *Advanced Imaging Centers*; and

(18)   *Geico General Insurance Company*

upon counsel of record by electronic service via e-mail, addressed as follows:

> Paul Ardila, Esq.
> Rebecca M. Rea, Esq.
> Nick Schnyder Law Firm, LLC
> 351 Atlanta Street SE
> Marietta, GA 30060
> pardila@schnyderlawfirm.com
> rebecca@schnyderlawfirm.com

This 28th day of June, 2022.

> STONE KALFUS LLP
>
> */s/ Shawn N. Kalfus*
> Matthew P. Stone
> Georgia Bar No. 684513
> Shawn N. Kalfus
> Georgia Bar No. 406227

Sheetal M. Brahmbhatt
Georgia Bar No. 142065
Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NW
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)